UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States For The Use of:<br>UNITED RENTALS NORTHWEST,<br>INC., an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WIRELESS COMMUNICATIONS<br>UNLIMITED dba EAGLE<br>ENVIRONMENTAL<br>CONSTRUCTION, a California<br>corporation; GERALD SHMAVONIAN;<br>an individual; RONALD BATISTE, an<br>individual; LELAND STANFORD Jr.<br>UNIVERSITY BOARD OF<br>TRUSTEES; the governing trust of a<br>California corporation; and DOES 1<br>through 100, Inclusive,<br><br>Defendants. | DOCKET NO. C-07-04510 EDL<br><br>JOINT CASE MANAGEMENT STATEMENT<br>AND PROPOSED ORDER |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

DESCRIPTION OF THE CASE

1. Events underlying the action

Plaintiff United Rentals Northwest, Inc.'s first Amended Complaint alleged that Defendants Wireless Communications dba Eagle Environmental Construction ("Eagle") and Ronald Batiste ("Batistse") had entered into an series of agreements ("Agreements") to rent construction

---

JOINT CASE MANAGEMENT STATEMENT

equipment from United Rentals. This equipment to use on certain works of improvements. These improvements are located at the Alameda Air Base, ("Alameda Improvement") and at 2575 Sand Hill Road, Menlo Park, CA, and operated by defendant Stanford University ("Stanford Improvement").

Plaintiff contends that defendants Batiste and Eagle, as principals, executed a payment bond to guaranty payment to all persons supplying labor, services and equipment related to Alameda Improvement ("Alameda Bond"). United Rentals contends it made written notice to Eagle for amount owed to United Rental related to the Alameda Improvement. Plaintiff contends the full amount of this claim remains unpaid. United Rentals prayed in its First Amended Complaint for judgement against Eagle, in the amount of $9,328.19 on the cause of action for a claim on the Miller Act Payment Bond.

Plaintiff contends that defendants Batiste and Eagle, as principals, executed a payment bond with defendant Gerald Shmavonian ('Shmavonian"), as surety, to guaranty payment to all persons supplying labor, services and equipment related to Stanford Improvement ("Stanford Bond"). United Rentals contends it made written notice to Eagle, Shmavonian and Stanford for amount owed to United Rental related to the Stanford Improvement. Plaintiff contends the full amount of this claim remains unpaid. United Rentals prayed in its First Amended Complaint for judgement against Eagle, Shmavonian and Stanford in the amount of $25,917.64 on the cause of action for a claim on the Miller Act Payment Bond.

The First Amended Complaint included a cause action for Breach of Contract and Account Stated against defendants Eagle and Batiste. United Rentals contends it fully performed its obligation under the terms of the Agreements. United Rentals contends, despite having made demand therefor, Eagle and Batiste have failed to make payment pursuant to te terms of the Agreements. United Rentals prayed in its First Amended Complaint for judgement against Eagle, and Batiste in the amount of $46,343.40 on the causes of action for Breach of Contract and Services Rendered, Account Stated and Open Book Account

The First Amended Complaint also included a cause action for Breach of Personal Guarantee against defendant Batiste. United Rentals alleges Batiste unconditionally guaranteed the full and prompt payment for debts owed by Eagle to United Rentals, as evidenced by Batiste's

execution of the personal guarantee executed submitted with his credit application. United Rentals prayed in its First Amended Complaint for judgement against Batiste in the amount of $46,343.40 on the causes of action for Breach of Personal Guarantee.

2. <u>Principal factual issues disputed by the parties:</u>

Defendants Eagle, Batiste and Stanford contest certain invoice charges included in United Rentals' Complaint. The parties have discussed the substance of these disputed items at length, and are actively negotiating to settle the matter.

3. <u>The Principal legal issues disputed by the parties:</u>

4. <u>Other factual issues which remain unresolved for the reasons stated below and how the parties proposed to resolve those issues:</u>

5. <u>The following party has not been served</u>

Gerald Shmavonian. Service agency has made repeated attempts to serve personally at last known address. All attempts to this point have been unsuccessful as house appeared occupied, but nobody has answered. Currently Performing skip trace to determine whether individual has moved.

6. <u>No additional parties do not intend to join additional parties.</u>

CONSENT TO MAGISTRATE JUDGE FOR TRIAL

7. Parties consent to assignment of this case to a United States Magistrate Judge for court trial: __X__ Yes_____ No.

8. The parties have agreed to the following court ADR process: Non-binding Arbitration. The date for the ADR session is expected to be after January 18, 2008.

9. The ADR process to which the parties jointly request referral is non-biding arbitration.

DISCLOSURES

10. The parties certify that they have made the following disclosures: no relevant disclosures have yet been made.

DISCOVERY & MOTIONS

11. The parties agree to the following discovery plan:

Discovery limits

| | | | | |
|---|---|---|---|---|
| Depositions: | Pltf. | 1/per def. | Def. | 3 (tentative) |
| Interrogatories: | Pltf. | 2/per def | Def. | 3 |
| Doc Req.: | Pltf. | 2/per def. | Def. | 3 |
| Req. Adm.: | Pltf. | 2/per def. | Def. | 3 |

Non-Expert Discovery Cutoff:   30 days before trial

Designation of Experts:  Pltf.  90 days before trial   Def.: 90 days before trial

Dispositive Motions - Last Day for Hearing: 60 days before pre-trial conference

12. The parties request a trial date as follows: after March 31, 2008.

13. The parties expect that the trial will last for two days.

SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R. 16-2, each of the undersigned certified that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether the case might benefit from any of the available dispute resolution options.

1  Dated:_____      */s/ William P. Warden*

2                      William P. Warden
                       Attorney for plaintiff United Rentals

3  Dated:_____      _____

4                      Darya S. Druch

| | |
|---|---|
| 1 | |
| 2 | Dated: _____ |
| 3 | William P. Warden |
| 4 | Dated: 11/28/07 _____ |
| 5 | Darya S. Druch, Counsel for Eagle, Batiste and Stanford |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court Orders:

_____
_____
_____
_____
_____

Plaintiff is order to serve a copy of this order on any party subsequently joined in this action.

Dated: _____

ELIZABETH D. LAPORTE
United States Magistrate Judge